Stewart, J.
Although respondent sets forth five grounds for his contention that relator’s petition does not state a cause of action, it is agreed that there are but three questions with which we are confronted:
1. Has relator an adequate remedy in the ordinary course of the law?
2. Is the ordinance in question exempt from referendum as being within the purview of section 62 (b) of the' Zanesville charter?
3. Was the referendum petition filed within the 30 days set forth in section 57 of the Zanesville charter?
In reference to the first question, respondent contends that relator has an adequate ordinary remedy at law in that he has the right to circulate initiative petitions for an ordinance repealing the ordinance which he desires to put to referendum.
We are of the opinion that this ground is not well taken.
The principle that mandamus will not lie where there is an adequate remedy in the ordinary course of the law signifies such latter remedy in the courts. The fact that one has a right to circulate an initiative petition to repeal an ordinance will not of itself defeat his right to an action in mandamus to require the processing of a proper referendum petition upon such ordinance.
In reference to the second question, ordinance No. 5507 states:
“Whereas, the city of Zanesville, is in the process of expanding its municipal water plant, in accordance with a vote of the citizens of Zanesville at the May 8, 1956, primary; and
“Whereas, it is necessary, in order to provide funds for the operation and maintenance of the present plant and the plant as being expanded, as well as to provide revenues for the payment of notes and bonds to be issued in connection with said proposed expansion;
“Now, therefore, be it ordained * *
Then follows the new water rates provided.
It is the contention of respondent that ordinance No. 5507 shows upon its face that it is merely an ordinance to complete the legislation necessary to provide and pay for a public improvement, the first ordinance having previously been passed *567 by the people, and that it is governed by section 62 (b) of the charter which provides:
“In all cases where council is required to pass more than one ordinance or other measure to complete the legislation necessary to make and pay for any public improvement, the referendum shall apply only to the first ordinance or measure required to be passed and not to any subsequent ordinances or measures relating thereto, and said first ordinance or measure shall clearly state the purpose and general scope of the improvement. ’ ’
There is some persuasive reasoning in the argument of respondent that the ordinance here in question is covered by section 62 (b) of the charter.
Relator contends that the ordinance before us is one which merely increases water rates, and that it is not such an ordinance as is required because of the adoption of the previous measure by the people.
Relator contends further that the ordinance before us states that it is for the purpose of raising the water rates to provide funds for the operation and maintenance of the present plant as well as for expansion, and that the water rates could have been increased with or without the existence of the prior ordinance.
Relator’s contention finally resolves itself into a claimed principle that, in order for an ordinance to come within section 62 (b) of the charter, it must be so interrelated with a previous ordinance or measure that it may not be passed independently.
We do not have before us the previous ordinance, so it is impossible for us to resolve this second question upon the demurrer to relator’s petition.
In reference to the third question, we are confronted with the interpretation of section 57 of the Zanesville charter, which section reads as follows:
“Every ordinance, excepting emergency measures as hereinafter excepted, passed by the council, shall be subject to referendum, if at any time within 30 days a petition signed by electors equal to ten per cent in number of registered voters, be filed with the clerk, requesting that such ordinance be submitted to the people for consideration.”
*568 The petition shows upon its face that ordinance No. 5507 was passed by council on June 25, 1956; that on July 5, 1956, such ordinance was vetoed by the mayor; and that on July 27, 1956, it was approved by council over such veto.
The referendum petition was filed with respondent on August 18, 1956, which was within 30 days after the reconsideration and approval of the ordinance by council after the veto but more than 30 days after the passage of such ordinance by council.
The one question for our consideration is the meaning of the term, “every ordinance * * * passed by the council.”
Relator contends that the expression relates to the effective date of such an ordinance, and that, since the ordinance in question did not become effective until the overriding of the mayor’s veto by the council, the date from which the 30 days for filing a referendum petition began was July 27, 1956, which would bring the filing of the referendum petition within time.
There are authorities to' the effect that the passage of an ordinance relates to its effective date, and relator’s contention would have more persuasive effect if section 57 of the charter read, “Every ordinance shall be subject to referendum.” However, as stated, the section reads, “Every ordinance passed by the council shall be subject to referendum.”
So far as the charter reads, the original passage of an ordinance by council is its only passage by that body.
There is no part of the charter before us which provides for a veto of an ordinance by the mayor or its approval over the mayor’s veto, and we have nothing before us to show what the effect of the alleged veto and approval is in law. The only section of the charter which is made a part of relator’s petition and concerning the passage of an ordinance is section 57 providing that an ordinance passed by the council shall be subject to referendum if a petition for referendum is filed within 30 days. This action was not taken in the present case.
If the veto of an ordinance by the mayor has any legal effect to kill it, and if its approval by the council is essential to make it effective, then the language of section 57 is not in the interest of good public policy. That language would require a referendum petition to be filed within 30 days after the passage *569 of an ordinance by the council, even though such ordinance might be killed by a veto unless it were subsequently reconsidered and approved.
It would seem that public policy would be better served if the citizens of Zanesville had provided the effective date of an ordinance as the starting time for the filing of a referendum petition. However, as we have said so many times, the function of the court is to construe legislation and not to enact it.
In the case of State, ex rel. Harness, v. Roney, 82 Ohio St., 376, 92 N. E., 486, the first paragraph of the syllabus reads as follows:
“The presumption is that the Legislature intends a statute to take effect at the time it declares the statute shall be in effect, and a court may not by construction substitute a different time merely to correct defective legislation. The province of construction is to ascertain and give effect to the intention of the Legislature, but its intention must be derived from the legislation and may not be invented by the court. To supply the intention and then give the statute effect according to such intention would not be construction but legislation.”
The principle of law declared above is sound and is applicable to the present case.
If the people of Zanesville desire to afford a more convenient manner to subject every ordinance to referendum, they can accomplish this objective by a simple charter amendment.
A city which has adopted a charter has, under Section If, Article II of the Constitution of Ohio, full power to provide its own initiative and referendum structure.
For the reasons stated, the demurrer to the petition is sustained and the writ denied.

Writ denied.

Weygandt, C. J., Hart and Bell, JJ., concur.
Taet, J., concurs in the judgment.
Matthias and Zimmerman, JJ., dissent.